IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLEVONE JEREMIAH FURBY, | |
| Plaintiff, | 8:17CV470 |
| vs. | |
| LANCASTER COUNTY JAIL, and UNAMEDED AND UNKNOWN JANE AND JOHN DOE, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed a Complaint on December 8, 2017. (Filing No. 1-1.)[1] He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Omaha Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 against Lancaster County Jail and Unknown John and Jane Doe Defendants in their official capacities for violations of his Eighth Amendment rights. (Filing No. 1-1.)

Plaintiff alleges that on December 25, 2014, he was a pretrial detainee confined at the Lancaster County Jail. (*Id.* at CM/ECF p.7.) On that date, Plaintiff was attacked and beaten by another inmate as Plaintiff and other inmates were returning inside to the day room from an outer yard. The attack occurred in full view of the jail security staff's desk, but Plaintiff alleges security did not intervene

---

[1] When initially filed, the Complaint (filing no. 1) lacked Plaintiff's signature and Plaintiff was directed to correct the deficiency. *See* NECivR 11.1. Plaintiff submitted a signed copy of the Complaint on December 26, 2017. (Filing No. 1-1.)

to come to his defense for at least fifteen minutes while the inmate punched Plaintiff and beat his head on the concrete floor. Plaintiff alleges he tried to shield his face with his arms but received a blow to his right eye that rendered him momentarily unconscious. When Plaintiff regained his senses, back up security had just arrived. The other inmate was charged for the attack on Plaintiff. (*Id*. at CM/ECF pp.14–16.)

After the attack, Plaintiff was escorted to medical where he was given an ice pack, some type of pain reliever, and some gauze for his bleeding nose. Plaintiff alleges that he suffered from migraines, dizziness, and loss of balance every time he stood up, pain in his eye, and constant bleeding from his nose and down his throat. After Plaintiff wrote several "kites" to medical, he was placed in the infirmary for hourly checks and was seen by the doctor only on the first and last day of his stay. (*Id*. at CM/ECF p.16.) Plaintiff alleges no x-rays were performed and medical staff never treated or found any solution to his issues. (*Id*. at CM/ECF pp.13, 16.) Plaintiff bonded out of jail eleven days after the attack on January 5, 2015. Plaintiff alleges that he cannot recall for certain if he filed a grievance before he bonded out due to his injuries, but he believes he did and did not receive a response. (*Id*. at CM/ECF p.9.)

After Plaintiff left Lancaster County Jail, he visited Bryan LGH West and learned that he had a fractured right eye socket and has since been diagnosed with tendinosis and a labral tear in his left shoulder. Plaintiff continues to suffer vision problems related to his eye injury and is currently seeking treatment for his tendinosis and shoulder injuries. Plaintiff seeks $1,000,000 in damages for his medical expenses, pain and suffering, "PTSD from this incident," and life-long vision disability. (*Id*. at CM/ECF p.5.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

3

# III. DISCUSSION

Plaintiff sues Lancaster County Jail and the Unknown John and Jane Doe medical and security jail staff for failing to protect him and for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. As an initial matter, Lancaster County Jail is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, any claims against Lancaster County Jail are dismissed.

## A. Official Capacity Claims

Because Plaintiff does not specify in what capacity the Unknown John and Jane Doe Defendants are being sued, the court must assume they are sued in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against the Unknown John and Jane Doe Defendants are claims against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra*. To state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v.*

*Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Plaintiff has not alleged that Lancaster County has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs or failing to protect prisoners from attacks by other inmates. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

**B. Leave to Amend Eighth Amendment Claims**

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim under the Eighth Amendment upon which relief may be granted against Lancaster County and/or the Unknown John and Jane Doe Defendants whom Plaintiff alleges failed to respond appropriately to the attack upon his person and to his medical needs after the attack.

To prevail on an Eighth Amendment inadequate medical care claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component, requiring the plaintiff to demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

The deliberate indifference standard is equally applicable to Plaintiff's failure-to-protect claim. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, prison officials do not incur constitutional liability for every injury suffered by a prisoner. *Id.* at 834. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In other words, a prison official violates the Eighth Amendment if he or she is deliberately indifferent to the inmate's health or safety. *Id.* at 834.

6

If Plaintiff wishes to proceed on his Eighth Amendment claims against Lancaster County, he must amend his Complaint to allege facts demonstrating that Lancaster County has a policy or custom of deliberately disregarding the objectively serious medical needs of prisoners and failing to protect prisoners from attacks by other inmates. If Plaintiff wants to pursue his Eighth Amendment claims against the individual Unknown John and Jane Doe corrections employees, then he must clearly specify that the employees are being sued in their individual capacities and he must allege facts showing that the employees acted with deliberate indifference to his health, safety, and medical needs. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by **August 1, 2018**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **August 1, 2018**: check for amended complaint.

Dated this 2nd day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge